UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
                                        )
CFS KEMPTEN GMBH,                       )
    Plaintiff-Counterdefendant           )
                                        )
    v.                                  )
                                        )
ROBERT REISER & CO., INC.               )
    Defendant-Counterplaintiff,         )     CIVIL ACTION
                                        )     NO. 03-10091-REK
    v.                                  )
                                        )
JOHN-OLE HANSEN, JAN KUHLMANN,          )
KENNETH MONCRIEF, and CONVENIENCE       )
FOOD SYSTEMS, INC. d/b/a CFS NORTH      )
AMERICA,                                )
    Counterdefendants                   )
                                        )
_____)

**Memorandum and Order**
January 3, 2006

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) CFS Kempten GMBH, CFS North America, and Kenneth Moncrief's Sealed Motion to Exclude Expert Opinions of Marion B. Stewart (Docket No. 164, filed October 14, 2005); and

(2) Sealed Motion of Robert Reiser & Co., Inc. to Exclude Report and Testimony of CFS Kempten GmbH's Damages Expert, Michael E. Towle (Docket No. 166, filed October 14, 2005).

## II. Factual and Procedural Background

On September 26, 1986, Robert Reiser & Co., Inc. ("Reiser") entered into a distribution agreement with Dixie-Union Verpackungen GmbH ("Dixie"). Pursuant to the exclusive distribution agreement ("Agreement"), Reiser became the exclusive distributor of Dixie brand vacuum packaging machines, skin packaging machines, slicing machines, certain spare parts, and new developments and improvements for "the United States of America, including its Territories and Possessions" ("Territory"). Reiser and Dixie orally amended the Agreement to add Canada to Reiser's exclusive Territory.

CFS Kempten GmbH ("CFS") is a German corporation in the business of manufacturing and selling, among other things, food packaging and slicing machinery. In 2000, CFS purchased certain Dixie assets. CFS effectively took Dixie's place for the purposes of the Agreement. On or about August 27, 2002, CFS notified Reiser that it was terminating the Agreement effective September 26, 2003, and the Agreement terminated on that date. The claims in this case center around the deterioration of the relationship between Reiser and CFS.

The other parties to this case are Convenience Food Systems, Inc., d/b/a CFS North America ("Convenience"), John-Ole Hansen, and Kenneth Moncrief. Convenience is an affiliate of CFS. Convenience became responsible for distributing Dixie machines and parts following the termination of the Agreement. Convenience also hired Moncrief, who worked as a slicer salesperson for Reiser. Moncrief left Reiser and began as a Vice President at Convenience on September 23, 2002. Moncrief's employment at Convenience was terminated on August 19, 2003. Hansen is the CEO and Chairman of Convenience. In addition, he is the CEO and President of a holding company ("CFS Holding") that owns both CFS and Convenience. The

2

parties dispute the role that Hansen played in the deteriorating relationship between CFS and Reiser.

The original complaint in this case was filed by CFS against Reiser on January 13, 2003. Reiser filed an answer and counterclaim on February 27, 2003, as well as a third-party complaint against John-Ole Hansen, Jan Kuhlmann, Kenneth Moncrief, CFS Holding N.V., CFS Group B.V., CFS Holding M.V., CFS International B.V., Convenience Food Systems Holding B.V., Convenience Food Systems, Inc., and CFS North America, Inc. on February 28, 2003. On May 29, 2003, CFS filed an amended complaint that raised six claims: (i) a claim for breach of contract; (ii) a claim for a declaratory judgment; (iii) a claim for intentional interference with prospective economic advantage; (iv) a claim for violation of Mass. Gen. Laws ch. 93A, §§2, 11; (v) a claim for breach of purchase contracts; and (vi) an additional claim for breach of purchase contracts. Reiser filed an answer and counterclaim on June 13, 2003.

Convenience brought a motion to strike Reiser's third-party complaint on June 17, 2003. On June 26, 2003, the parties filed a motion to withdraw both the third-party complaint and the motion to strike the third-party complaint and to file an amended answer and counterclaims. They filed an amended motion seeking similar action on June 30, 2003. The amended motion sought permission to join the previously named third-party defendants and bring counterclaims against them. I allowed this amended motion on July 17, 2003. Reiser filed an amended answer and counterclaims on June 27, 2003.

Reiser's amended counterclaims were brought against CFS, John-Ole Hansen, Jan Kuhlmann, Kenneth Moncrief, and Convenience. Reiser alleged: (i) a breach of contract claim against CFS; (ii) a breach of the covenant of good faith and fair dealing claim also against CFS;

(iii) a civil conspiracy claim against all of the named defendants-in-counterclaim; (iv) a breach of fiduciary duty and/or special relationship claim against CFS and Moncrief; (v) a misappropriation of trade secrets claim against Convenience, Kuhlmann, and Moncrief; (vi) an unjust enrichment claim against CFS and Convenience; (vii) a tortious interference with advantageous business relations claim against CFS, Hansen, Kuhlmann, Moncrief, and Convenience; (viii) an additional tortious interference with advantageous business relations claim against Hansen; (ix) a tortious interference with contractual business relationships claim against Convenience and Kuhlmann; (x) an unfair competition claim pursuant to Mass. Gen. Laws ch. 93A, §11 against CFS and Convenience; (xi) an unfair trade practices claim against CFS and Convenience; (xii) a common law unfair competition claim against Convenience and Moncrief; (xiii) a breach of express warranty and breach of the implied warranties of merchantability and fitness for a particular purpose claim against CFS; and (xiv) a breach of purchase order contracts claim against CFS.

      CFS and Convenience each filed initial answers and affirmative defenses to Reiser's amended counterclaims on July 18, 2003.  They filed their most recent amended answers and affirmative defenses to Reiser's amended counterclaims on October 22, 2003.  Kuhlmann filed his answer to Reiser's amended counterclaims on the same date.  Hansen filed his answer to Reiser's amended counterclaims on March 11, 2004.  Lastly, Moncrief filed his answer to Reiser's amended counterclaims on June 2, 2004.

      On February 23, 2005, the parties filed a stipulation dismissing certain claims with prejudice and with each party bearing its own costs.  CFS withdrew its claims seeking a declaratory judgment (Count II), alleging unfair trade practices under Mass. Gen. Laws ch. 93A, §§ 2, 11 (Count IV), and alleging breach of purchase order contracts (Count VI).  Reiser

withdrew its claims alleging a civil conspiracy (Count III), alleging unfair competition under Mass. Gen. Laws ch. 93A, §§ 2, 11 (Count X), alleging unfair trade practices under Mass. Gen. Laws ch. 93A, §§ 2, 11 (Count XI), alleging common law unfair competition (Count XII), and alleging breach of purchase order contract (Count XIV). On May 18, 2005, all parties stipulated to the dismissal of Kuhlmann "from this action with prejudice, without attorneys' fees or costs, and without right of appeal."

The parties also filed a series of motions for summary judgment. I ruled on these motions in a Memorandum and Order on September 13, 2005. Summary judgment was entered on CFS's claim for intentional interference with prospective economic advantage (Count III). Summary judgment was also entered on Reiser's breach of fiduciary duty and/or special relationship claim against CFS and Moncrief (Count IV), misappropriation of trade secrets claim against Convenience and Moncrief (Count V), unjust enrichment claim against CFS and Convenience (Count VI), tortious interference with advantageous business relations claim against Hansen (Count VIII), and tortious interference with contractual business relationships claim against Convenience (Count IX). I denied summary judgment for CFS's claim for breach of purchase contracts (Count V) and Reiser's tortious interference with advantageous business relations claim against CFS, Hansen, Moncrief, and Convenience (Count VII).

CFS retains two claims: a claim for breach of contract (Count I) and a claim for breach of purchase contracts (Count V). Reiser retains five claims: a breach of contract claim (Count I) and a breach of the covenant of good faith and fair dealing claim (Count II), both against CFS; a tortious interference with advantageous business relations claim against CFS, Hansen, Moncrief, and Convenience (Count VII); a common law unfair competition claim against

Convenience and Moncrief (Count XII); and a breach of express warranty and breach of the implied warranties of merchantability and fitness for a particular purpose claim against CFS (Count XIII).

### III. Analysis

**A. Motion to Exclude Testimony of Marion B. Stewart**

CFS, Convenience, and Moncrief move the court to exclude the expert testimony and reports of Marion B. Stewart, Reiser's retained expert witness. CFS, Convenience, and Moncrief claim that Stewart's testimony is unreliable and thus inadmissible under Rule 702 of the Federal Rules of Evidence and that it should thus be excluded pursuant to the Supreme Court's holding in <u>Daubert</u> v. <u>Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). I find that Stewart's testimony rises to the level of admissible expert witness testimony and thus deny this motion to exclude.

> Rule 702 provides:
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. This version of the rule is a codification of the <u>Daubert</u> case, in which the Supreme Court asserted that trial courts perform a gatekeeping role in regulating the admission of expert testimony under Rule 702. <u>United States</u> v. <u>Diaz</u>, 300 F.3d 66, 73 (1st Cir. 2002) (stating

6

that this screening function "entails a preliminary evaluation of the proffered expert testimony for both reliability and relevance"). The Court stated that the review for reliability encompasses an assessment of "whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue," and that expert testimony is relevant when (i) all evidence is relevant and (ii) "the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue." Id. (citing Daubert, 509 U.S. at 591-93). District courts retain a considerable amount of discretion in conducting the reliability and relevance reviews. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) (stating that the trial court must have "considerable leeway" in deciding how to determine the admissibility of expert witness testimony).

Stewart is an economist and senior vice president of National Economic Research Associates ("NERA") who has provided expert testimony in dozens of cases. (See Exh. A to Docket No. 165 at pp. 4-5, Exh. 2B.) His expert report calculates what he terms "the appropriate damages award due to Reiser in this matter if [defendants-in-counterclaim] are judged liable for damages." (See id. at 1.) He based his report on economic analysis that he conducted on Reiser's sales data and U.S. Economic Census data. (See id. at 10-11.)

The primary contention of CFS, Convenience, and Moncrief is that Stewart's testimony does not meet the second two prongs of Rule 702 because it is unreliable. I will thus not focus on the first prong since the parties do not dispute that Stewart's testimony is based on sufficient data. In arguing that Stewart's testimony is unreliable, CFS, Convenience, and Moncrief claim that Stewart incorrectly testifies about the causation of damages and that Stewart's damage calculations are seriously flawed due to their reliance on improper information.

Neither of these arguments justifies the exclusion of Stewart's expert testimony. First, Stewart states in the first paragraph of his expert report that these damages are based on the "assumption that Reiser's...claims against CFS will be upheld by the Court." (Id. at 1.) His testimony is not about whether defendants-in-counterclaim are responsible for the damages he has calculated, but instead the calculation of those damages should the jury decide to award them. Although the determination of liability is a question for the factfinder, the First Circuit has recognized the admissibility of expert testimony that connects that liability to the calculated damages. See Cambridge Plating Co., Inc. v. Napco, Inc., 85 F.3d 752, 772 (1st Cir. 1996) (stating that a "simple before-and-after financial picture" by plaintiff's damages expert contributed to provide "sufficient evidence of causation to support an award of lost profits").

Second, the challenges that CFS, Convenience, and Moncrief raise against Stewart's damage calculations should be raised on cross-examination. Although the district court must play the role of gatekeeper in admitting expert witness testimony and should not allow mere hypotheses derived from disputed data, see Polaino v. Bayer Corp., 122 F.Supp.2d 63, 67 (D. Mass. 2000) (stating that "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered"), excluding evidence is not always the most appropriate way to call testimony into question. As stated by the Supreme Court in Daubert, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

The criticisms that CFS, Convenience, and Moncrief level against Stewart's testimony do not suggest that his testimony would be so unreliable as not to assist the factfinder,

see Polaino, 122 F.Supp.2d at 67 (stating that the judge's ultimate determination is whether "the expert's opinion has the capacity to assist the fact finder in deciding a material fact"), but are instead of the type that should be raised on cross-examination to allow the jury to assess the reasonableness of Stewart's assumptions, see id. at 66-67 (citing as an example of the "least troubling" form of expert testimony economic analysis where "it is not the expert's methodology that might be suspect, but the reasonableness of the assumptions that she has factored into her actuarial model").  CFS, Convenience, and Moncrief challenge Stewart's reliance on allegedly unverified sales data, faulty assumptions, and calculations made by others.  Although this reliance may be sufficient to call Stewart's calculation of damages into question, that is a determination to be left for the factfinder.  I thus deny the motion to exclude the testimony of Marion B. Stewart.

**B. Motion to Exclude Testimony of Michael E. Towle**

Reiser moves the court to either (i) exclude the expert testimony and reports of Michael E. Towle, CFS's retained expert witness or (ii) bar Towle from relying on Exhibit 310 in his testimony.  According to Reiser, Exhibit 310, which Reiser cannot resist from continuously referring to as the "Mystery Budget," is a "document of unknown origin that contained a grossly inflated projection of CFS's sales." (Docket No. 166 at 1.)  By relying on this document, Towle supposedly reached a flawed calculation of CFS's damages.  I do not believe that Towle's testimony and reports are so unreliable as to require the exclusion of either his overall testimony or testimony based on Exhibit 310.  Since Reiser believes that deposing CFS's Chief Financial Officer, Josef Merk, before trial will allay some of its concerns regarding Exhibit 310, however, I will order that such deposition take place before trial on February 13, 2006.

> Rule 703 of the Federal Rules of Evidence provides in relevant part:
>
> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Fed. R. Evid. 703. The First Circuit has applied Rule 703 to mean that "the fact that an expert's testimony may be tentative or even speculative does not mean that the testimony must be excluded so long as opposing counsel has an opportunity to attack the expert's credibility. When the factual underpinning of an expert opinion is weak, it is a matter affecting the weight and credibility of the testimony – a question to be resolved by the jury." Newell Puerto Rico, Ltd. v. Rubbermaid, Inc., 20 F.3d 15, 21 (1st Cir. 1994) (quoting International Adhesive Coating Company, 851 F.2d. 540, 544 (1st Cir. 1988) (referring to the interaction between Rule 703 and Rule 705, which permits an expert to testify in terms of opinion or inference without first testifying of the underlying facts or data). Cross-examination, rather than exclusion, is often the best response to questions about the reliability of expert witnesses, see supra Section III(A), and this is the case with Towle's testimony. Although Reiser has raised concerns about the provenance of one document that may have played an important role in his damages calculations, these concerns are better put before a jury, which is in the position to determine Towle's credibility, than removed from the case entirely. See Daubert, 509 U.S. at 596 (citing "[v]igorous cross-examination" as the most appropriate way of attacking "shaky but admissible evidence").

Reiser argues, however, that if this court admits Towle as an expert witness, that Reiser should be permitted to depose Merk, CFS's Chief Financial Officer. Since Reiser has provided evidence that Merk is the only person aware of the process by which the numbers in

10

Exhibit 310 were generated, and since Merk has volunteered to testify at trial (see Docket No. 174 at 7-8), I find that it is appropriate for Reiser to depose Merk before this case goes to trial on February 13, 2006.  See Fed. R. Civ. P. 30 (stating when depositions may be taken).  The taking of this deposition will not lead to a continuance of the trial date, however, since this action has already lasted for almost three years.

The parties should also note that this court is aware that the tone of their papers has become increasingly hostile.  In my Memorandum and Order of September 13, 2005, I encouraged the parties to be more collegial in their interactions because both parties were becoming increasingly strident.  (Docket No. 160 at 27.)  The parties have, unfortunately, failed to heed this advice, and have instead devoted numerous pages of their filings to bickering with one another and using terms such as "dirty tricks" (see Docket No. 170 passim) and "Mystery Budget" (see Docket No. 166 passim).  This court again encourages the parties to refrain from chiding one another and engaging in procedural machinations (see Docket No. 160 at 27), and to focus instead on addressing the merits of the case at hand.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) CFS Kempten GMBH, CFS North America, and Kenneth Moncrief's Sealed Motion to Exclude Expert Opinions of Marion B. Stewart (Docket No. 164) is DENIED; and

(2) Sealed Motion of Robert Reiser & Co., Inc. to Exclude Report and Testimony of CFS Kempten GmbH's Damages Expert, Michael E. Towle (Docket No. 166) is DENIED;

/s/Robert E. Keeton
Robert E. Keeton
Senior United States District Judge